**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JASON RENAE SHERIDAN,

      Plaintiff,

vs.                                                                                    No. 18-cv-780 JCH-SMV

JAMES A DICKENS, and
DAVID HUNTER,

      Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

       This matter comes before the Court on Plaintiff's *Pro Se* Civil Rights Complaint (Doc. 1).

Plaintiff seeks damages from the state prosecutors who would not allow him to testify at his grand

jury proceeding.  He also appears to ask the Federal Court to grant relief from his ongoing state

criminal prosecution.  Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court

concludes the claims fail as a matter of law and will dismiss the Complaint with prejudice.

**I.**      <u>**Background**</u>

       The Complaint alleges that in 2018, Plaintiff was charged with an unspecified crime in New

Mexico's Twelfth Judicial Magistrate Court, Case No. M-38-2018-00271.  (Doc. 1 at 1).  Pursuant

to the state criminal docket, which is subject to judicial notice, the charges included possession of

a controlled substance, use or possession of drug paraphernalia, and resisting, evading, or

obstructing an officer.  *See* Criminal Complaint in Case No. M-38-2018-00271; *see also United

States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (courts may take judicial notice of another

docket).  On July 11, 2018, the State Magistrate Court dismissed the criminal complaint without

prejudice.  *See* Order in Case No. M-38-2018-00271 (Dismissal Order).  The Dismissal Order

specified that the "complaint may be refiled."  *Id.*  On the same day, prosecutor James Dickens

hand-delivered a letter to Plaintiff indicating he was the target of a grand jury investigation.  (Doc. 15 at 2).  Plaintiff alleges Dickens delivered the letter as an intimidation tactic.  *Id.* at 1.

About two weeks later, on July 24, 2018, Dickens convened a grand jury in Twelfth Judicial District Court, Case No. D-1215-CR-2018-00321.  (Doc. 1 at 2).  Plaintiff obtained permission to be transported from jail to the grand jury proceedings.  *Id.* at 3.  He planned to testify before the grand jury and present evidence, including a copy of the Dismissal Order.  *Id.* at 2.  When Plaintiff arrived at the courthouse, Dickens did not allow him to participate in the grand jury proceedings. *Id.*  Plaintiff reported the issue to another prosecutor, David Hunter, who advised Plaintiff to appeal if there was an issue.  *Id.*  The grand jury returned an indictment on the three charges above (possession of drugs/paraphernalia and resisting an officer), which stemmed from an incident on June 12, 2018.  (Doc. 27 at 4-5).  However, the indictment was quashed later that year.  *See* Docket Sheet in Case No. D-1215-CR-2018-00321.  In 2019, a different grand jury indicted Plaintiff on the same charges stemming from the June 12, 2018 incident.  (Doc. 27 at 1-2).  The 2019 indictment generated a new state criminal case, Case No. D-1215-CR-2019-00270.  *Id.*  The state docket reflects that case was assigned to a different prosecutor (Davis Ruark) and is still pending.  *See* Docket Sheet in Case No. D-1215-CR-2019-00270.

The Complaint raises claims under 42 U.S.C. § 1983 based on Plaintiff's inability to present evidence to the 2018 grand jury.  (Doc. 1 at 1-2).  He seeks $500,000 in damages from prosecutor Dickens, prosecutor Hunter, and possibly the State of New Mexico.  (Doc. 1 at 1; Doc. 23 at 1). Plaintiff also appears to seek relief from his ongoing criminal prosecution.  (Doc. 1 at 7; Doc. 27 at 1).  Plaintiff obtained leave to proceed *in forma pauperis*, and the matter is ready for *sua sponte* review.

**II.      Standards Governing *Sua Sponte* Review of the Complaint**

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints filed while an individual is incarcerated. *See* 28 U.S.C. § 1915(e). The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). To survive initial review, the complaint must contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**III.     Discussion**

The crux of Plaintiff's Complaint is that state prosecutors refused to allow him to present evidence to the grand jury in violation of 42 U.S.C. § 1983. However, prosecutors are absolutely immune from § 1983 suit for actions "taken in connection with the judicial process." *Imbler v.*

3

*Pachtman*, 424 U.S. 409, 431 (1976).  This includes initiating a prosecution, presenting evidence,

and participating in grand jury proceedings.  *See Mink v. Suthers*, 482 F.3d 1244, 1261-62 (10th

Cir. 2007) ("[A] prosecutor is entitled to absolute immunity for those actions that cast him [or her]

in the role of an advocate initiating and presenting the government's case"); *Anthony v. Baker*, 955

F.2d 1395, 1400 (10th Cir.1992) (finding a grand jury proceeding is an integral judicial phase of

the criminal process).  Plaintiff therefore cannot recover from Dickens or Hunter - the only named

Defendants - as a matter of law.  To the extent Plaintiff's supplemental filing (Doc. 23 at 1) seeks

damages from the State of New Mexico, the relief is also barred.  A governmental entity such as

the State of New Mexico is not a "person" subject to liability under 42 U.S.C. § 1983.  *See*

*McLaughlin v. Bd. of Trustees of State Colleges of Colorado,* 215 F.3d 1168, 1172 (10th Cir. 2000)

(citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)).

    Even if Plaintiff could recover damages from any Defendant, the allegations reflect no

wrongdoing in connection with the grand jury proceedings.  "A grand jury sits not to determine

guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge."

*United States v. Williams*, 504 U.S. 36, 51 (1992).  The Supreme Court has held that it is

"sufficient" for the grand jury "to hear only the prosecutor's side."  *Id.*  As *Williams* explained,

"imposing upon the prosecutor a legal obligation to present exculpatory evidence … would be

incompatible with this system."  *Id.* at 52.  Therefore, Plaintiff cannot not sue the prosecutors based

on his inability to participate in the 2018 grand jury proceedings.[1]  Plaintiff's § 1983 damages claim

---

[1] The Court notes the result would not change based on Dickens' target letter to Plaintiff, which stated
Plaintiff was the target of an investigation and that he had the "right to testify before the grand jury, if [he]
desire[s]."  (Doc. 15 at 3).  A prosecutor cannot amplify a defendant's constitutional rights by misstating
the law, and in event, Dickens is immune from liability.

fails as a matter of law.

Although the Complaint primarily focuses on the alleged grand jury defects, Plaintiff also appears to ask the Federal Court to interfere with, or put an end to, his state criminal prosecution. The Complaint briefly mentions that the search uncovering his alleged drug possession was invalid and alleges he did not receive proper *Miranda* warnings.  (Doc. 1 at 7).  The Complaint also seeks relief from "at least the new case" [*i.e.,* the charges stemming from his June 12, 2018 arrest] and possibly from an older state case ("CR-2013-00346") involving a probation violation.  *Id.* at 5.  A later, supplemental filing alleges Plaintiff was "charged twice in the same criminal matter."  (Doc. 27 at 1).  The allegation refers to the fact that the State indicated Plaintiff twice on charges stemming his June 12, 2018 arrest.  The state dockets reflect that the first indictment (Case No. D-1215-CR-2018-00321) was quashed, and the second case (D-1215-CR-2019-00270) is still pending.

It is well established that Federal Courts cannot interfere in ongoing state proceedings.  *See Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).  Federal Courts can only correct constitutional defects in a state criminal prosecution (such as double jeopardy, improper searches, etc.) through a habeas corpus proceeding under 28 U.S.C. § 2254.  *Muhammad v. Close*, 540 U.S. 749, 750 (2004).  Habeas relief is available *after* the petitioner is convicted and *after* he exhausts all state remedies such as appeal.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  If the pending criminal "action terminated in favor of the [P]laintiff," he may file a malicious prosecution claim under 42 U.S.C. § 1983.  *See Wilkins v. DeReyes,* 528 F.3d 790, 799 (10th Cir. 2008).  However, at this stage in the state proceeding, the Court cannot use this federal § 1983 action to grant relief from, or interfere

5

with, the ongoing state criminal prosecution.

For the foregoing reasons, the Complaint fails to state a claim upon which relief can be granted.  The Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IV.**     **The Court Declines to *Sua Sponte* Invite an Amendment**

*Pro se* prisoners are often invited to remedy defects in their pleadings, if those defects are attributable to their ignorance of federal pleading standards.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, courts need not *sua sponte* invite an amendment when any amended complaint would also be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6).  *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).  Here, amending the Complaint would clearly be futile.  As a matter of law, the Court cannot award damages against the former prosecutors, nor can it use § 1983 to remedy alleged defects in Plaintiff's ongoing state criminal prosecution.  The Court therefore declines to *sua sponte* order an amendment and will dismiss the Complaint with prejudice.

**IT IS ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and the Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE