IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON RENAE SHERIDAN,

    Plaintiff,

vs.                                                            No. 18-cv-780 JCH-SMV

JAMES A DICKENS, and
DAVID HUNTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter comes before the Court on pro se Plaintiff Jason Renae Sheridan's motion to amend his original complaint (ECF No. 39). Having considered the motion, the record, and the law, the Court will deny the motion to amend.

    I.    BACKGROUND

    Plaintiff filed his original complaint on August 13, 2018. (Compl., ECF No. 1.) He brought claims under 42 U.S.C. § 1983 for violation of his constitutional rights based on his inability to present evidence to a grand jury, which convened in 2018, to consider charges against him. (*See id.*; *see also* Mem. Op. and Order 1-2, ECF No. 37.) Plaintiff sought damages from the state prosecutors who would not allow him to testify at the grand jury proceedings. (*See* Compl., ECF No. 1; Mem. Op. and Order 1-2, ECF No. 37.) On June 22, 2020, this Court entered a Memorandum Opinion and Order concluding that Plaintiff's claims failed as a matter of law and dismissing the complaint with prejudice. (Mem. Op. and Order 1, ECF No. 37.) The Court concluded that the prosecutors were absolutely immune from § 1983 claims based on actions "taken in connection with the judicial process." (*Id.* at 3-4 (quoting *Imbler v. Pachtman*, 424 U.S.

409, 431 (1976)).) As for any claim for damages against the State of New Mexico, those claims were barred because the State is not a "person" subject to § 1983 liability. (*Id.* at 4.) After explaining that there is not a constitutional right to present evidence before a grand jury, the Court rejected Plaintiff's requested relief to end his state criminal prosecution because federal courts cannot interfere with ongoing state proceedings. (*Id.* at 4-5.) Because amendment would be futile, the Court dismissed the complaint with prejudice. (*Id.* at 6.) The Court entered Final Judgment (ECF No. 38) on June 22, 2020.

Nearly four years later, on May 6, 2024, Mr. Sheridan filed a letter requesting to amend his original complaint as follows: (i) "remove the $500,000 relief from former prosecutors"; and (ii) "remove the remedy of alleged defects on case 'CR-2013-00346.'" (Pl.'s Mot., ECF No. 39.) Instead, he seeks relief only "to dismiss the ongoing pending case D-1215-CR-2019-00270." (*Id.*)

**II.     ANALYSIS**

Federal Rule of Civil Procedure 15 governs amendment of pleadings. This Court determined in its Memorandum Opinion and Order dismissing the complaint that amending the complaint would be futile and *sua sponte* declined to allow an amendment, dismissing the case with prejudice. The Court then entered final judgment. "The final judgment precludes plaintiff from amending his complaint as of right pursuant to Rule 15(a)." *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985).

After judgment is entered, "the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Id. See also The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (quoting *Cooper* with approval). The Court therefore liberally construes Plaintiff's motion alternatively as a motion to alter or amend judgment under Rule 59(e) or a motion for relief from judgment under rule 60(b).

*Cf. Burns v. C.I.A.*, No. 93-5153, 1994 WL 36770, at *1 (10th Cir. Feb. 8, 1994) (construing motion to reopen under Rule 60(b)); *and see Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435, 436-37 (10th Cir. 1992) (liberally construing pro se pleadings and noting that a plaintiff's pro se characterization of claims is not dispositive).

"A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotations omitted). Motions under Rule 59(e) must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff's motion is thus untimely under Rule 59(e). Moreover, the motion fails to assert an error of law or to present newly discovered evidence.

Rule 60(b) also provides relief from a final judgment for, as relevant here: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud. *See* Fed. R. Civ. P. 60(b)(1)-(3). Rule 60(b)(6) additionally contains a catchall clause for any other reason that justifies relief. However, Rule 60(b)(6) relief is "extraordinary and reserved for exceptional circumstances." *Johnson v. Spencer*, 950 F.3d 680, 701 (10th Cir. 2020). No grounds are present here justifying relief under Rule 60(b)(1)-(6). Moreover, a "motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Nearly four years post-judgment is far outside the one-year deadline and is also not a reasonable time. Plaintiff's motion for relief from final judgment should be denied for untimeliness and for lack of merit.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to amend (**ECF No. 39**), construed alternatively as a motion to alter or amend judgment under Rule 59(e) or as a motion for relief from a judgment under Rule 60(b), is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE